# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1884.

THE S. L. P., K. AND LADIES OF HONOR, v. M. A. GRACE ET AL.

(Case No. 1650.)

1. CONTRACT.— When the execution of an agreement and warranty, prescribed by a corporation as a condition precedent to the enjoyment of the benefits of a contract with a party seeking to be a member thereof, and which forms the basis of the contract, is not executed as required, the party so failing can take no benefits, since the minds of the contracting parties did not so meet as to give the contract binding force on both parties.
2. FACT CASE.— See statement of case for facts, as applicable to which the above rule was applied.

APPEAL from Fayette. Tried below before the Hon. L. W. Moore.

Appellees, as plaintiffs in the court below, the surviving wife and children of T. J. Grace, deceased, on the 14th day of July, 1882, instituted this suit in the district court of Colorado county against appellant, "The Supreme Lodge of Protection, Knights and Ladies of Honor," a corporation, for the sum of $1,000, claimed to be due them by appellant by reason of an alleged membership of the relief fund in appellant's order, of said T. J. Grace, at the date of his death, on the 18th day of August, 1880. Appellant answered, first, by demurrer and general denial; second, specially denying that T. J. Grace was a member of the relief fund of appellant, first, because he failed to sign the agreement and warranty with appellant as required by its laws; second, because he paid no money whatever into the relief fund of appellant, as required by its laws; third, because there was no such death notice presented to appellant as required by its laws, as a condition precedent to the payment of death benefits.

Judgment in favor of appellees, for the sum of $1,000.

The original medical examination of T. J. Grace, and his application to appellant for a benefit certificate, read in evidence by appellees, contained the following agreement, not signed by T. J. Grace, to wit: "It is hereby declared that the above are true and correct answers to the foregoing questions, in which there is no misrepre-

sentation or suppression of known facts; and I acknowledge and agree that the above statement shall form the basis of the agreement with the Supreme Lodge of Protection, Knights and Ladies of Honor, and constitutes a warranty. I further agree, if accepted as a member of the relief fund, to faithfully abide by all its rules and regulations. And it is further agreed that the acceptance of the fee and its formal application by any member shall not constitute membership." The application was on the form prescribed by appellant. The constitution of appellant required the applicant to fill up and sign the application prescribed by the supreme lodge of appellant, which was not done.

It appeared from the testimony that the deceased, Grace, was made a member of Weimer Lodge of Protection, Knights and Ladies of Honor, by Robson, who filled an office called grand protector, and who stated that he accepted the application of Grace as the proper medical examination and application for relief fund certificate. The application of Grace for a relief fund certificate was refused, on the ground, as would appear (at least among others that may have existed), that his antecedents showed consumptive tendencies, four brothers and sisters having died of consumption. The evidence did not show that Robson was the authorized agent of appellant in control of the relief fund.

*John F. Crowe* and *Ed. R. Sinks*, for appellant.

*Robson & Rosenthall* and *Timmons & Brown*, for appellees.

WEST, ASSOCIATE JUSTICE.— This record has been examined with more than usual care, and the conclusion arrived at reached after much deliberation. That conclusion is, without giving in detail all the reasons on which it is based, that under all the facts disclosed on the trial, taken and considered together, we are of opinion that the evidence does not satisfactorily show that any binding contract of insurance, such as is declared on, was ever in fact made between the appellant and the deceased.

The minds of the respective parties never met. There was no such mutual agreement and understanding of the matter between them, as is essential in order to create the contract and give it binding force on both parties, under the rules and regulations by which the relations of the deceased to the appellant were governed. Bliss on Life Ins., p. 766, sec. 426; Edge v. Duke, 18 L. I. Ch., 183. See, also, 8 W. & S., p. 247; Blacksmith Co. v. Van Dyke, 2 Whart., p. 312.

It may be inferred from the record before us that Grace was ignorant of the fact that his name was not among the charter members and that his application for a relief fund certificate had been refused.    Anacosta Tribe of Red Men *v.* Murbach, 13 Md., 91; Diehl *v.* Adams Co. Mut. Ins. Co., 58 Penn., 440.

There is not, however, sufficient testimony in the case to enable us to say that the contract itself was proved to exist as alleged. On the contrary we think the evidence was insufficient to establish the existence of the contract relied on, as the basis and foundation of appellees' suit.    The judgment is reversed, and this court here proceeds to render such judgment as the court below should have rendered.    It is ordered that the appellees take nothing by their suit, and that appellant go hence without day and have and recover of and from the appellees all their costs in this behalf expended.

REVERSED AND RENDERED.

[Opinion delivered January 17, 1884.]

ON MOTION FOR REHEARING.

WEST, ASSOCIATE JUSTICE.— When this case was first submitted, owing to the fact that it was practically one of first impression in this court, it was examined with more than usual care, as was then stated. It was also carefully considered for other reasons.    This, and other like associations, in a modified form, and very slightly, if at all, disguised, are in fact mutual life insurance companies.    Mr. May, in the last edition of his valuable work on insurance, treats of these associations in his chapter on mutual insurance companies.    They are yearly increasing in this state.    Their membership here seems to be annually growing larger.    The citizens of this state consequently are considerably affected by the organization and operation of these associations among us.

Bodies of this kind, like the present appellant, are generally foreign, or, to speak more accurately, non-resident corporations, having a temporary dwelling place in this state, far distant from their main office, and from the place of their creation.

Whether corporations of this kind can have an extraterritorial existence, except by reason of the comity between states, and to what extent they can transact business in states other than that of their origin or domicile, except by the express consent of that sovereignty by whom they are created, and of the sovereignty where they propose to conduct the business of their corporations, are questions

that have not been made in this case or even hinted at. We shall not therefore at all consider them. See Ang. & Ames on Corp. (11th ed.), secs. 104 to 109, and authorities there cited, pp. 86, 87, *et seq.;* Field on Corp., secs. 25 and 244.

The question, too, of the right of this class of *quasi* foreign corporations to domesticate themselves among us and trade, traffic and transact business here, without there being any condition whatever annexed to this privilege for the protection of our citizens, as is required by law of other insurance corporations (see R. S., Tit. "Insurance," ch. 3, art. 2949, and other articles), is one that addresses itself to the consideration of the legislative, rather than to the judiciary, department of the state government.

In disposing of the motion now under consideration, it may be sufficient to say that we see no reason to seriously doubt the correctness of our first determination under the special state of facts, proved to exist in this case, in reference to the deceased applicant. In fact, further investigation, in which we have been greatly aided by the industry and intelligent labor of the counsel for both parties, but more especially those of the appellees, has brought to light a number of other authorities, many of them tending in a more or less degree to sustain the conclusions we had before reached. Belleville Mut. Ins. Co. *v.* VanWinkle, 1 Beas. (N. J.), 333; Barrett *v.* Union Mut. Ins. Co., 7 Cush., 175; Buffon *v.* Fayette Mut. Ins. Co., 3 Allen, 361. See, also, May on Ins. (2d ed.), sec. 146.

These associations being mutual in their character, their ordinary forms, their modes of procedure and their rules and regulations bearing on these matters must be supposed to be known to the members. If one desires to reap the supposed advantages that may result from such a contract of insurance it must be entered into advisedly, and must be, in all important respects, in substantial compliance with the rules and regulations of the corporation of which the insured is one of the members, and of whose rules and regulations on these subjects he is bound to take notice. Commonwealth *v.* Weatherbee, 105 Mass., 149; Mason's Ben. Soc. *v.* Winthrop, 85 Ill., 537; Coles *v.* The Iowa State, etc., 18 Iowa, 431. See, also, 18 Iowa, 322; Diehl *v.* Adams County Mut., etc., 58 Penn., 443.

The motion is refused.

REFUSED.

[Opinion delivered March 14, 1884.]