Jot Gunter v. John Armstrong et al.

No. 405.

1. **Judgment for Costs against Nonresident Cited by Publication—Presumption from Record.**—A judgment for costs against nonresident defendants cited by publication can not be sustained; but unless it affirmatively appears from the record that the defendants were nonresidents, it will be presumed that they were citizens of this State, and the judgment valid.

2. **Practice on Appeal—Cause Remanded for New Trial, When.** Appellant's title, which was by virtue of a sale under an execution issued for costs against defendants cited by publication, was held void by the trial court; but the record on this appeal fails to show whether such defendants in the former suit were residents or nonresidents when so cited therein. Appellees confess error, and ask that the appellate court, instead of rendering such judgment as could be required by the record before it, remand the cause in order that on an-

other trial they may show by the record in the former suit that the defendants therein were then nonresidents. *Held*, that the cause would be remanded to enable the parties to show the real facts.

APPEAL from Grayson.     Tried below before Hon. P. B. MUSE.

*Brown & Bliss*, for appellant.—When a judgment is rendered by a court of general jurisdiction, and there is nothing in the record affirmatively showing such judgment to be invalid, in a collateral proceeding such judgment will be conclusively presumed to be valid.   Rev. Stats., art. 1236; Martin v. Burns, 80 Texas, 676; Northcraft v. Oliver, 74 Texas, 169.

*W. W. Wilkins*, for appellees, on motion to remand.—The cause should be remanded in order that the facts may be shown and the case decided on its merits.   Bank v. Thomas, 69 Texas, 237.

HEAD, ASSOCIATE JUSTICE.—It is recited in the statement of facts, that "a judgment was rendered November 8, 1887, by the District Court for Grayson County, Texas, in a suit in said court of N. & J. Baxter against the heirs of Montgomery Baxter, deceased, by which the land in controversy was set apart in partition to the heirs of Lucy Armstrong, and authorized the issuance of execution in favor of the officers of court against each party for his proportion of the costs of the suit, according to the amount of land received by each; said judgment showing upon its face that the defendants in said suits were cited by publication, and nowhere showing that they had appeared and answered either in person or by attorney."

It was admitted that both parties claimed title under the heirs of Lucy Armstrong as a common source.   We are not informed by the record whether, at the time of the rendition of the judgment above referred to, the heirs of Lucy Armstrong were citizens of this State and their residence unknown, or whether they were nonresidents.   Appellant claims the land in controversy under a sale by virtue of an execution issued upon this judgment in favor of "The Officers of Court v. The Heirs of Lucy Armstrong" for their part of the costs incurred in that case.   Appellees claim as the heirs of Lucy Armstrong, and as such recovered in the court below; and by reason of the condition of the record as above indicated, they have appeared in this court and confessed error in the judgment, and ask that the cause be remanded to enable them to produce evidence to show that by the record in the case in which that judgment was rendered it appears that the heirs of Lucy Armstrong were at that time citizens of the State of Missouri.   Appellant objects to our remanding the cause, and insists that such judgment should be here rendered as should have been rendered by the court below.

That a judgment for costs in a proceeding of this kind is in personam, and can not be sustained upon service by publication where the defendants are nonresidents, is settled by the decisions in this State. Foote v. Sewall, 81.Texas, 659. It seems also to be settled in this State, that unless it be made to affirmatively appear that the defendants in a suit by publication are nonresidents at the time of such service, this will not be presumed; but on the contrary, it will be presumed that they were citizens of this State, and the judgment valid. Martin v. Burns, 80 Texas, 676, and authorities there cited. We are therefore of opinion that the court below probably erred in holding the judgment upon its face to be a nullity; but inasmuch as the court did so hold, we think the proper practice, as indicated by the decisions of our Supreme Court, will be to remand the cause to enable the parties to show the real facts, instead of for us to undertake to here render such judgment as we would be required to render, taking the record as disclosing all of the evidence that could be produced by the parties.

In the case of Rust v. Burke, Turner & Co., 57 Texas, 341, one of the parties was undertaking to plead in setoff a judgment in his favor against the other, which seems to have been disallowed upon the ground that an appeal had been taken from the judgment. In passing upon the question of practice in such cases, Associate Justice Stayton, delivering the opinion of the court, says: "The record shows that notice of appeal was given in the case of Taylor v. George & Zorn, but does not show that an appeal was ever perfected. This fact can not be presumed, and it must be held to be a subsisting judgment until the contrary is shown. The judgment offered in evidence by Rust in setoff amounted to more than the note sued upon, and judgment should have been rendered in favor of appellant, and ordinarily judgment in such case would be here rendered as the court below should have done; but as it appears that notice of appeal was given in the case of Taylor v. George & Zorn, the judgment will therefore be reversed and the cause remanded that appellees may have an opportunity to show, if they can, that that judgment has been set aside."

In McConnell v. Wall, 67 Texas, 352, it seems that the case had been before the court at a former term, and was reversed and remanded, with instructions to the court below to ascertain only one fact, and then enter a judgment in accordance with the opinion then rendered. It was admitted in the court below that this fact was such as to entitle the appellee to a judgment under the opinion, but appellant insisted upon opening the whole case and having a trial by a jury, which was refused; and Justice Stayton, in delivering the opinion, says: "The court below did not misunderstand the former judgment of this court, and correctly refused to reopen the entire case. If the appellant was of the opinion when the judgment of this court was entered at the last term that on another trial

he could make proof that would show his right to be other than by the record it then appeared, he should have asked this court so to reform its judgment as to give him an opportunity to do so. This he did not do."

In this case appellees make such request. Also see a similar practice indicated in the case of the Merchants and Planters Bank v. Thomas & Sons, 69 Texas, 237, and in Clark v. Cummings, 84 Texas, 610.

The statute governing the practice in this court in such cases is the same as that heretofore regulating the practice in the Supreme Court, and is as follows: "When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained, or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial in the court below."

It will be observed, that the defect in this record is in its failure to ascertain whether the heirs of Lucy Armstrong were residents or nonresidents of this State at the time of the service by publication upon them. If this fact had been ascertained in the court below and properly appeared in the record, our duty would be to affirm or reverse and render the judgment, as the facts of the case might require; but not having been ascertained, we think this should be done before the court attempts to render a judgment final upon the rights of the parties. We believe such to be the practice adopted by our Supreme Court under a similar statute, and that it will more conduce to attaining the ends of justice than a harsher rule.

We are more inclined to adopt this course in this case from the fact that we entertain serious doubts as to whether or not this judgment should be reversed at all upon the record as presented to us. It will be seen, that the judgment, as appears from the record, seems to have been against the heirs of Lucy Armstrong, not against her *unknown* heirs. We have a statute recognizing such proceedings against unknown heirs, but none against heirs as such, whose names are known but not given. The court below found against the validity of this judgment; and to sustain its finding, might we not be required to presume that this judgment, when introduced in evidence in the court below, did not appear to have been rendered in a proceeding under the statute above indicated, and was therefore unauthorized? The execution issued upon this judgment also seems to have been against the heirs of Lucy Armstrong, and not against her *unknown* heirs; and we are not now prepared to hold, that if we were required to pass upon the record as presented to us, we would be called upon to overrule the court below in refusing to sustain a sale under these proceedings. But these questions not having been presented by counsel, we render no decision thereon, and only allude to them in support of our

action in remanding the cause to enable both parties to present the case to the court below upon a fuller statement of the facts as they exist.

In justice to the learned judge who presided at the trial in the court below, we will add, that as appears from an affidavit on file, he was of the impression that the pleadings in the case in which the judgment in question was rendered were considered in evidence, and that these disclosed the nonresidence of the defendants therein.

The judgment of the court below will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered March 2, 1893.