## J. D. and Walter Shiner v. H. B. and W. B. Shiner, Executors.

Delivered March 31, 1896.

**1. Parties in Partition—Guardian with Interest.**

A guardian ad litem for minor heirs was properly appointed in partition proceedings, where their regular guardian had an adverse interest—his own children being devisees and parties, and their interest in the estate being devised to him in case they died before attaining majority.

**2. Same—Trustee, not Guardian.**

Where the executors were empowered by the will to control the interests of minor devisees after partition and until their majority, the regular guardian of their estate was not entitled to represent such devisees in partition.

**3. Practice on Appeal—Record—Appeal Bond.**

It will be presumed by the Court of Civil Appeals that the District Court properly had jurisdiction of an appeal from the County Court, although the appeal bond from such latter court does not appear in the record, where the judgment of the District Court refers to such bond, and no question as to its absence was raised below. Following Heath v. Garrett, 50 Texas, 264.

**4. Estates of Decedents—Charging Share of Minor Devisees.**

Where a will directed the executors to procure a partition of the property devised into certain equal portions, one of which was devised to the minor children of a son of the testatrix, with authority to the executors, after partition, to manage the share so devised until the devisees became of age, such share was chargeable pro rata with the expenses of administering the will, and a certain part of the property composing this allotment was properly decreed to the executors with which to pay the same.

**5. Continuance—Amendment—Surprise.**

Where leave was given an executor, on settlement, and before the jury was impaneled, to file a supplemental account, the items of which were of the same nature as those in the original account and capable of being attacked by the same evidence, a continuance on the ground of surprise was properly refused.

**6. Pleading—Amendment of Prayer After Evidence Closed.**

Allowing an amendment to be filed after close of the evidence, which merely changes the prayer of the pleading so as to conform it to the contention of an adverse party, does not afford ground of reversal at the instance of such party.

**7. Partition—Necessary Parties.**

Where a will directed the executors to procure a partition of the estate into certain equal parts, devising one of such parts to the children of a son of the testatrix, children by a second wife of the son were necessary parties in the partition.

**8. Same—Allotment of Shares in Trust.**

Where a will directed a partition of the estate into six equal parts, devising one of them to certain minor grandchildren, to remain in the hands of the executors until such minors became respectively of age, the court, in making such partition, before they became of age, rightly alloted a one-sixth share to the executors in trust for them, without determining their several interests therein.

**9. Same—Advancements by Trustees Under Will—Jurisdiction of County Court.**

The County Court, in partitioning an estate under a will, had no jurisdiction to charge the shares of the devisees with advancements made to them by the executors as trustees under the will.

Appeal from Bexar. Tried below before Hon. Robert B. Green.

*George C. Altgelt,* for appellants.

*H. E. Vernor, Franklin & Cobbs* and *Hines & Bee*, for appellees.

JAMES, CHIEF JUSTICE.—Emma Shiner died, disposing of her property by will substantially in the following manner. She directed her executors to collect the money due her and, after payment of all debts, to divide the same. All her other property she required to be divided into six equal parts, and left one part to her daughter, Mrs. Brady, and to each of her sons, W. B. Shiner, M. K. Shiner, H. B. Shiner. To the children of another son, M. C. Shiner, she gave one-sixth, and to the children of another son, J. V. Shiner, one-sixth. She directed that, as soon as practicable, her executors should proceed to procure a partition of her estate into six portions, as above indicated, giving them the power to have this done without waiting twelve months after probate of the will. As to the shares of the said children, she provided that her executors, or their successors, who were named in the will, should take charge of, absolutely control, lease, rent or sell the same, according to their discretion, until such time as the children should respectively reach the age of 21, when such child's interest should be delivered by the executors. The will dispensed with bond, and provided that no action should be had in the courts relative to the estate other than the probate of the will, the filing of an inventory, and the partition. After partition, as before stated, the will provides for a continuance of the powers of the executors and their successors as to the two-sixths that were to be distributed ultimately to the children of J. V. and M. C. Shiner.

The will was probated in February, 1892, and on August 14, 1893, the estate in the meantime having been managed by them, the following application was filed by the executors in the County Court: "Now come the executors * * * and make application for the partition and distribution of said estate among the persons entitled thereto, all of whom are residents of Bexar County, Texas, to-wit: H. B. Shiner, one-sixth interest; W. B. Shiner, same; M. K. Shiner, same; Mrs. Mary Brady, wife of Thomas F. Brady, one-sixth;—all adults. J. D. Shiner and Walter Shiner one-twelfth each, and Milton Shiner, Gordon Shiner and Vernon Shiner, minors, one-eighteenth each. The executors represent that the probable future expenses of the administration and caring for said estate and debts which may yet be allowed or established approximate the sum of twenty thousand dollars. Wherefore executors pray for citation to issue, and for partition and distribution for allowance as stated, and for general and special relief."

An appeal was taken to the District Court, as the record shows, by Brady and wife, and an appeal is taken from the judgment of the District Court by George C. Altgelt, in the capacity of guardian ad litem of J. D. and Walter Shiner.

The first question relates to the right of this guardian ad litem to prosecute the appeal. In this connection the facts appear to be, that M. C. Shiner had taken out letters of guardianship on the estate of said J. D. and Walter Shiner, and also on the estate of his own children,

Milton, Gordon and Vernon Shiner.   In the District Court the judge did not permit him to represent any of these minors, and appointed a guardian ad litem for Milton, Gordon and Vernon Shiner, and appointed George Altgelt such guardian of J. D. and Walter Shiner.   The record does not inform us of the grounds for this action.   So far as the appointment of such representative for the minors J. D. and Walter Shiner is concerned, we believe it was proper and authorized under the facts.   Their regular guardian was M. C. Shiner, to whom was devised the one-sixth interest of his children in the event of their death before reaching 21 years of age.   He was interested therefore against J. D. and Walter Shiner in obtaining for his children an advantageous allotment.   By the statute of 1870 (Pasch. Dig., art. 6973), it was expressly provided that the regular guardian was ineligible to represent his ward if he was a party to the proceedings in his own right, or had an interest adverse to that of the ward.

The existing statutes contain no such restriction.   We believe, however, that where the statute does not expressly declare a guardian so circumstanced to be capable of defending the interest of the ward, the disqualification of being adversely interested should be recognized on well settled legal principles.   Rosser v. Sandoval, 86 Texas, 685.   This being so, the court properly regarded him as not entitled to defend for these minors, and treated the case as one requiring a guardian ad litem for them.   The guardian so appointed was authorized to take the appeal, and the case is properly here for revision.

We may state another reason why the guardian of their estate was not properly their representative in this suit, which is, that under the erms of the will he was not their guardian with reference to their shares of this estate.   The will clearly provides that after their portions shall have been designated, the executors should hold and control the same until distribution after the children had respectively reached majority.

The next matter to be considered is the appellate jurisdiction of the District Court.   It is claimed by appellant that the transcript from the County Court shows no appeal bond, and that no such bond was in fact given.   The statute does not require the bond to be in the transcript, and we would not look there for it.   The original bond, or affidavit, is required to be filed in the District Court, together with the transcript. The case was tried in the District Court without question touching the bond, and the point is made in this court for the first time.   The judgment refers to an appeal bond and makes an adjudication thereon.   The question of whether or not the failure of the record to disclose the appeal bond would necessitate holding on appeal that the lower court did not have jurisdiction, has been considered and decided against the position taken.   Heath v. Garrett, 50 Texas, 264.

The question of jurisdiction of the County Court, under this will, to entertain the application for partition and settle the accounts of the execution, has been settled in favor of the jurisdiction by the Supreme

Court's answer to a certified question in this case. It was therefore competent for the court to provide for the payment to the executors of any sum found due them from the estate by reason of their administration. The manner in which this was done was to encumber the share of each (except that allotted to the children of J. V. Shiner) with an aliquot share of what was ascertained to be due. The portion of this sum which the share of these children was adjudged to contribute, was not made a charge on their share, but a certain portion of the property composing this allotment determined to be of the value of their contributive share of the expenses, was decreed to the executors with which to pay same.

The third assignment of error is that appellants' share of the estate could not be charged with the payment of debts. The assignment is not well taken. While upon this subject we may dispose of the fifteenth assignment, which is that the verdict of the jury is uncertain and no final judgment can be entered thereon for this, that the verdict does not designate what four acres out of the southeast quarter of lot 6, range 1, district 7, nor what particular 3⅕ acres joining the above tract on north, are to be taken for the payment of debts and charges. The statement indicates the ground of objection to be that the verdict did not sufficiently identify the land so reserved from the minor's share. We are also of opinion that this assignment is in part well taken. The verdict refers to the partition made by Gibbs, Page and Menger, commissioners, and to the property by them partitioned. It does not describe the property allotted to each, except by reference to the report of said commissioners. This report is entitled to be looked to in aid of the verdict, because referred to therein. If this were not so, it might be contended that the court could not properly have allotted shares to any of the heirs. To that report there is annexed a plat of the city tract, and it appears from that report and the plat which is a part of it, that the lot No. 3, range 1, district 7, was in parallelogram form, containing 49.42 acres. There was allotted to the children of J. V. Shiner the southeast quarter of lot 6, range 1, district 7, containing 12.35 acres. This southeast quarter of the entire lot is a definite and certain designation. Appellant does not object to this allotment being indefinite, but does contend that the portions deducted therefrom are not ascertainable. The verdict says, 4 acres south part of southeast quarter of lot 6, range 1, district 7. This means the south four acres of the 12.05 acres that were allotted to them, and is as ascertainable as the original allotment of the 12.35 acres itself. The verdict further excepts "3⅕ acres joining above tract on north S. E. ¼ lot 6, range 1, dist. 7." This is uncertain. It cannot be determined from the verdict, or from anything referred to by it, how this 3⅕ acres should be taken. It might have been a strip between parallel lines immediately on the north of the four acres, or it might be in some other form and still adjoin the four acres on the north. It does not afford sufficient basis of a judgment in respect to the 3⅕ acres; and it was not proper for

the court to refer to the testimony in aid of it. The judgment, however, is as uncertain as the verdict. The children of J. V. Shiner would not know what was left to them in the tract clear of the executors' claim, unless the 3⅕ acres should be defined.

There is no merit in the fourth assignment. It appears that leave was given the executors, before the jury was empaneled, to file their additional or supplemental account, and of this the defendant could not well complain, except for surprise. The fifth assignment is that, in this connection, a continuance was asked and should have been allowed on the ground of surprise. The items included in the supplemental account were items of the same nature as those found in the previous account, and were a continuation thereof, such as certain feed bills of insignificant amounts, and the salary of a manager. The same evidence that would have attacked the original items of which the guardian had ample notice, would have been applicable to these items, and therefore there was no error in refusing the continuance.

On appeal to the District Court the other children of J. V. Shiner were joined as parties. This is the subject of complaint by appellant on behalf of appellants. The trial in the District Court was de novo, and it was proper in that court to make necessary parties, which these new parties clearly were. They were children of J. V. Shiner by a second wife, and entitled under the will to share in the one-sixth devised to his children. Therefore the sixth assignment is overruled.

The eighth assignment objects to the court having permitted the executors to file a pleading, styled "trial amendment of executors," because coming too late, having been filed after the evidence was closed, and operating as a surprise to the guardian. The bill of exceptions copies the pleading, which sets forth that the guardian was complaining of the charging of each share with a pro rata of the expense account, and insisting that there should be set aside to the executors an amount of property sufficient in value to cover the expenses, and in view of such contention the pleading asked that such rule be adopted in reference to the share of the heirs of J. V. Shiner, and that so much of their property as would in value amount to their share of the expenses, be set aside to the executors to cover same, and that the remainder be given to said heirs. If the amendment was filed for the purpose of meeting the contention or desire of the guardian in reference to the decree so far as it affected the interest he represented, and this was the case as the bill indicates, it would not be ground for reversal at his instance.

The ninth, tenth, eleventh and twelfth assignments are not entitled to be considered. There is no statement or other matter given in connection with them to show wherein the charges were not correct.

There is nothing in the seventeenth assignment. The will provided that the one-sixth pertaining to the children of J. V. Shiner should remain in the hands of the executors subject to sale or other disposition by them, a portion to be delivered to each child then or thereafter born,

upon attaining the age of twenty-one years. It was therefore proper that in the partition had in this proceeding the one-sixth belonging to these heirs should remain undivided and not adjudged to any particular children.

The question arises: Is it necessary, for the error pointed out, that the judgment should be remanded in order to have the jury designate by verdict an amount of land out of the one-sixth apportioned to the children of J. V. Shiner, to be set aside to the executors, out of which to pay them what was found to be due them from said share. The verdict divides the estate into six parts, and accomplishes the partition. It ascertains what is due the executors from the estate, and as to every share except that of appellants, a sixth of said debt is made a charge thereon in favor of the executors.

In reference to the children of J. V. Shiner, a different course was taken. Not only were they charged with a sixth of the debt due by the estate to the executors, but a further sum was awarded the executors against them for advancements. We think this last named adjudication was foreign to the proceeding for partition. The will provides for advancements to the minors by the executors as trustees, and this is a matter connected solely with that trust under the terms of the will, and the County Court had no power to adjudicate matters connected with the trust. Our opinion is that the proper judgment in reference to these minors is to establish the one-sixth of the debt due the executors from the estate as a claim against their allotment. The verdict as rendered defines the share of lands allotted to these minors and their proportion of the executors' claim, and these facts furnish the basis for a proper judgment with reference to them. We conclude it is not necessary to remand the cause for further proceedings. The judgment will be affirmed in all things, except in the matters pertaining to said minors, as above indicated, and in this respect the judgment will be reformed.

*Reformed and affirmed.*

### ON MOTION FOR REHEARING.

In the opinion in this case the following clause appears: "They were children of J. V. Shiner by a second wife, and entitled under the will to share in the one-sixth devised to his children." It was not and is not our intention to adjudicate the right of said children to an interest in the property. The question was not involved. The partition was accomplished by defining the sixth going to his children, to remain in the hands of the executors as trustees; and the right to distributive shares therein is a question that does not now arise.

The District Court did not, in point of fact, undertake to partition the estate without, in connection therewith, hearing and auditing the account of the executors. The objection to the manner of doing this is made here for the first time.

The sixth ground for rehearing, if at all meritorious, is disposed of in the judgment of this court reforming the judgment of the District Court. We believe the other grounds need no discussion.

Writ of error refused.                                     *Overruled.*