## DUNLAP v. BROYLES.

(Court of Civil Appeals of Texas. Amarillo.
Nov. 4, 1911. Rehearing Denied
Dec. 2, 1911.)[1]

1. APPEAL AND ERROR (§ 1091*)—PRESUMPTIONS.

On an appeal from a judgment rendered in the county court upon a cause of action commenced in the justice court, the Court of Civil Appeals will presume that the county court properly acquired jurisdiction by appeal, though the record shows no copy of the judgment rendered in the justice court, and the only reference to an appeal bond is one in the judgment of the county court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4302–4311; Dec. Dig. § 1091.*]

2. APPEAL AND ERROR (§ 1040*)—REVIEW—HARMLESS ERROR.

The overruling of defendant's special exception that plaintiff's statement of his cause of action did not sufficiently put defendant on notice as to the nature of the claim sued on was harmless, if erroneous, where defendant's plea to the merits showed that he fully understood the nature of the claim, and there was nothing to indicate that he could have produced any evidence not produced at trial had he been better advised of plaintiff's claim.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

3. APPEAL AND ERROR (§ 544*) — RECORD — BILL OF EXCEPTIONS—NECESSITY.

In the absence of a bill of exceptions to the failure of the trial court to prepare findings of fact and conclusions of law, such failure will not be reviewed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2426; Dec. Dig. § 544.*]

4. APPEAL AND ERROR (§ 1071*)—HARMLESS ERROR.

Where the record contained a statement of facts which did not show that the trial judge's failure to file conclusions of law and fact in-

[1] Filed in the Court of Civil Appeals for the Second Supreme Judicial District at Ft. Worth on Jan. 27, 1911, and transferred to this court by order of the Supreme Court on July 1, 1911.

jured defendant, the failure will be considered harmless, though erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4234; Dec. Dig. § 1071.*]

5. APPEAL AND ERROR (§ 1011*)—REVIEW—FINDINGS OF FACT.

A finding of fact by the trial court made upon conflicting evidence is binding on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. § 1011.*]

Appeal from Deaf Smith County Court; W. H. Russell, Judge.

Action by W. G. Broyles against Eli Dunlap. There was a judgment for plaintiff in the justice court, and on appeal to the county court judgment was again rendered for plaintiff, from which defendant appeals. Affirmed.

Barcus & North, for appellant. Knight & Slaton, for appellee.

GRAHAM, C. J. [1] This cause originated in the justice court of precinct No. 1, Deaf Smith county, by Broyles suing Dunlap on a moneyed demand, the amended memoranda or statement of the cause of action filed in the justice court on August 22, 1910, showing that the claim was for certain interest on outstanding indebtedness which had been paid by Broyles and which Dunlap had agreed to pay, together with accrued interest on the sums so paid, aggregating $150. The record does not show when the judgment was rendered in the justice court, and the only way shown by the record how the case found its way into the county court is found in a statement in the judgment rendered against Dunlap and his sureties on his appeal bond (evidently the appeal bond given by Dunlap in appealing the case from the justice to the county court). A trial was had in the county court of Deaf Smith county on the merits of the cause before the court without a jury on October 13, 1910, and resulted in favor of Broyles and against Dunlap and his sureties on an appeal bond, L. E. Cobb and W. L. Broyles, for the sum of $125.60, with 6 per cent. interest thereon from date of judgment, from which judgment Dunlap alone has appealed to this court. While no question is raised as to the jurisdiction of this court by either party to the appeal, in view of the fact that the record shows affirmatively that the amount in controversy was not one over which the county court had original jurisdiction, and no copy of a judgment rendered in the justice court, nor a copy of appeal bond perfecting an appeal from a judgment in the justice court to the county court, being found in either the transcript or statement of facts, and there being nothing in the record showing that the county court had acquired jurisdiction of the cause except the statement found in its judgment hereinbefore

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

referred to, we at first doubted our jurisdiction to dispose of the cause on its merits; but under the authority and line of reasoning found in the cases of Heath v. Garrett, 50 Tex. 264, and Shiner v. Shiner, 14 Tex. Civ. App. 489, 40 S. W. 439, we have reached the conclusion that it is our duty to dispose of the appeal on its merits. The case is not briefed in this court by appellee but appellant has briefed three assignments of error which we will dispose of in their order.

[2] Under his first assignment, contention is made by appellant that the court below erred in overruling his special exception to appellee's cause of action as stated, in that said cause of action, as stated, did not sufficiently put appellant on notice as to the nature of the claim sued on.

It is possible that the cause of action as stated by appellee should have been more specific in some particulars, but as appellant's pleadings on the merits of the controversy, which are found in the same paper as that containing the exception, show clearly that appellant fully understood and knew the nature and grounds of appellee's claim, and there is nothing in the record indicating that any injury could have been done appellant as a result of the action of the court in overruling his said special exception, the case having been fully developed by evidence introduced by both parties on its merits, and there being nothing in the record indicating that appellant could have produced any evidence not produced, bearing on the issue raised by the exception, we think no injury was sustained by him as a result of the action of the trial court complained of under this assignment, and therefore overrule said assignment.

[3] Under appellant's second assignment complaint is made that the trial court, though requested by him in writing so to do, failed to file findings of fact and conclusions of law.

As we understand the law, as administered in this state on this question, we are not at liberty to consider this assignment or give relief thereunder because the record fails to show that any bill of exception was reserved by appellant to the action of the trial court in failing to prepare and file findings of fact and conclusions of law. See the case of Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742.

[4] If, however, there was a bill of exception in the record covering this question (but there is not), it would not necessarily work a reversal because we find in the record a statement of facts, and it is not in any way made to appear from the record that appellant has sustained any injury as a result of the court having failed to prepare and file findings of fact and conclusions of law. See Haywood v. Scarborough, 102 S. W. 469. For the reasons stated, appellant's second assignment will be overruled.

[5] Under appellant's third assignment the sufficiency of testimony to sustain the judgment is challenged in several particulars; but we have carefully read the statement of facts, and find therein at least some evidence sustaining the judgment of the trial court on each issue suggested under this assignment, and while this court might not have disposed of each of these issues as did the trial court, had we been sitting as a trial court, yet the trial court had the witnesses before them and we have not, and the law presumes he was in a better position to judge of the weight of the evidence than we.

The evidence being conflicting on the issues mentioned, and there being at least some evidence supporting the conclusions reached by the trial court, and there being nothing in the record tending to show that the trial court was in any way influenced in his judgment by anything improper, this court is bound by the conclusions reached by it on the issues of fact.

Finding no reversible error in the record, the judgment of the trial court will be affirmed, and it is so ordered.