SIMPSON v. ALEXANDER & WOFFORD.

(Court of Civil Appeals of Texas. Amarillo. Feb. 10, 1912. On the Merits, April 6, 1912. On Rehearing, May 18, 1912. Second Rehearing Denied June 22, 1912.)

1. APPEAL AND ERROR (§ 512*) — RECORD — SHOWING JURISDICTION.

Where a case is appealed from the county court, to which it was taken on appeal from a justice of the peace, the Court of Civil Appeals, can acquire no jurisdiction, in the absence of a record showing that the county court had jurisdiction to dispose of the cause on its merits.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2326; Dec. Dig. § 512.*]

2. APPEAL AND ERROR (§ 563*)—STATEMENT OF FACTS—INTERLINEATIONS—CHANGES AND ADDITIONS.

Where a statement of facts contains interlineations, changes, and additions, it should be clearly made to appear that they were made before execution.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2500; Dec. Dig. § 563.*]

On the Merits.

3. CONTRACTS (§ 28*)—MEETING OF MINDS—EVIDENCE.

Plaintiffs offered to drill a well on defendant's ranch at a specified price per foot, provided defendant would board plaintiffs and feed their team during the progress of the work. Defendant offered to pay the price asked, but declined to board plaintiffs or feed their team. No agreement having been reached, plaintiffs told defendant that they were going to drill a well in the neighborhood in a few days and would call him over the 'phone about the matter, and later did telephone him that they would be ready to begin drilling his well.

---

on a specified date, if he desired them to do so, to which he replied that they should come ahead. Before they actually came, however, a meeting was had in which plaintiffs insisted that defendant had agreed to their proposition, which he denied, and refused to feed them or their team, whereupon they did not drill the well, but defendant procured another to do the work. *Held*, that such facts were insufficient to show a meeting of minds, so as to entitle plaintiffs to recover damages for breach of contract.

[Ed. Note.—For other cases. see Contracts, Cent. Dig. §§ 133–140, 1755, 1782–1784, 1785½, 1820, 1821; Dec. Dig. § 28.*]

### On Rehearing.

4. APPEAL AND ERROR (§ 1177*)—DISPOSITION OF CAUSE—REVERSAL—REMAND.

Where, in an action for breach of an alleged contract to drill a well, the existence of the contract depended on an alleged telephone conversation. which, as contained in the statement of facts, was insufficient to show a meeting of minds, but it appeared from the abbreviations in the statement of facts that the 'phone conversation might not have been as reported, a judgment for plaintiffs would be reversed, and the cause remanded for a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4604, 4606–4610; Dec. Dig. § 1177.*]

Appeal from Sherman County Court; J. W. Elliott, Judge.

Action by Alexander & Wofford against George Simpson. Judgment for plaintiffs, and defendant appeals. Reversed and remanded on rehearing.

C. F. Rudolph, of Stratford, and Clifford Braly, of Dalhart, for appellant. John H. H. Stahl, of Stratford, for appellees.

GRAHAM, C. J. This cause is before us on an attempted appeal from a moneyed judgment rendered in the county court of Sherman county on March 8, 1911, for the sum of $50 in favor of appellees and against appellant, as damages for an alleged breach of contract. The record conclusively shows that the amount in controversy was not within the original jurisdiction of the county court, being less than $200; while there is also amply sufficient in the record to show that the case originated in the justice court of precinct No. 4, of Sherman county, in which a judgment was rendered in favor of appellees and against appellant, there is nothing found in the record before us showing or tending to show that the county court acquired jurisdiction of the cause, there being no transcript in the record showing how the cause went from the justice to the county court.

[1] In the absence of the record showing that the county court in some way had jurisdiction to dispose of the cause on its merits, this court is without jurisdiction to dispose of the appeal on its merits, and it therefore becomes our duty to dismiss the case for want of jurisdiction. Ware v. Clark, 125 S. W. 618, and American Soda Fountain

Co. v. Mason, 55 Tex. Civ. App. 532, 119 S. W. 714. We are not unmindful of the decision of this court in the case of Dunlap v. Broyles, 141 S. W. 289, bearing on this question. It will be noted, however, that in the case last mentioned we found a sufficiency in the record to show that the appeal had in fact been properly perfected from the justice to the county court, while there is nothing of the kind found in the record in this case.

[2] As this case, because of the matters above discussed, is not before us in such way as to warrant our passing on the merits of the appeal, and, we are therefore not called upon to pass on certain irregularities appearing in a paper filed in this court as a statement of facts, we nevertheless take this occasion to state that the same has upon its face many interlineations, changes, and additions from the way it was originally written, and while the changes and interlineations mentioned clearly indicate that they are beneficial to appellee, and therefore were unquestionably made at the instance of appellees' counsel, as a means of relieving this court from the duty and responsibility of passing upon such delicate questions, and also to relieve counsel on either side from the embarrassment necessarily arising from such changes appearing on the face of a statement of facts, as might not be remembered by him if his attention were thereafter called to them, we think that sound public policy, as well as the spirit of the statute and court rules referring to such matters, requires that a statement of facts filed in an appellate court should be clear of unexplained interlineations or alterations of any kind, to the end that it show on its face absolute verity and regularity; and we take this occasion to state that this court will feel constrained to refuse to consider a statement of facts that does not present such verity upon its face. We suggest that, in the event of interlineations or alterations in a statement of facts after its preparation, it would be an easy matter for counsel, by agreement contained therein, to call attention to the same in such way as that the statement of facts, in connection with the agreement thereto, would show the changes were made before its execution.

Because this court is without jurisdiction to dispose of this appeal on its merits, the cause will be dismissed, and all costs incident to the attempted appeal will be taxed against the appellant and his sureties on his appeal bond; and it is so ordered.

### On the Merits.

On February 10, 1912, we dismissed this cause, because the record failed to show jurisdiction to try the same on its merits by the county court of Sherman county, in a

written opinion wherein we also referred to irregularities apparent upon the statement of facts filed in the cause. Since that time, by proper proceedings, the record has been so supplemented as to show that the appeal from justice to county court had in fact been properly perfected, and proper transcript thereof is now on file in this court, and there has also been filed in this court an instrument, executed by counsel for appellant and appellees, showing that the apparent irregularities in the statement of facts, which consist in interlineations, were actually made before the statement of facts was agreed to and filed in the court below.

The record in this case shows that early in March, 1910, appellees, learning that appellant desired to have a well drilled on his ranch, approached him in the town of Stratford with a view of procuring the contract for drilling same; that appellees were willing to drill the well at 50 cents a foot for the first 200 feet and 75 cents per foot for all over that depth, provided appellant would board appellees and feed their team during the progress of the work. Appellant was willing to give 50 cents per foot for the first 200 feet and 75 cents per foot for all over that depth as a gross price for having the well drilled, but was not willing in addition thereto to board appellees and feed their team while the work was in progress.

[3] The record shows that as many as two conversations were had between appellant and appellees with reference to the matter, and that on each occasion they separated without agreeing on any terms, each insisting that he was willing to do as above indicated, respectively; that at the conclusion of the last conversation appellees remarked to appellant that they were going to drill a well in his neighborhood a few days thereafter, and would call him up over the 'phone again about the matter; that about the 14th or 15th of March, 1910, one of the appellees did call appellant over the 'phone, and referred to their former negotiations, and told appellant they would be ready to begin drilling his well about the 17th of March following if he desired them to do so, and he told them to come ahead; that on the 17th appellant went to his ranch, expecting appellees to be there, but they failed to appear; that he went to Stratford, and found appellees with their machinery at the blacksmith's shop, and inquired of them why they had not reached his place on the 17th, as they had agreed, and they explained to him that they were compelled to carry the machinery to the shop before beginning the work. During this conversation one of appellees asked appellant if he had prepared to feed them and their team, and he told them he had not, and would not do so, as he had not agreed so to do, and in fact told them that if they were going to require that he feed them and their team that he would

not allow them to drill the well, as he had made no such agreement. Appellees made no further offer to drill the well, and appellant procured another to do so; the well having been drilled a depth of 215 feet.

This suit was filed against appellant by appellees on allegations that appellant had employed them to drill his well at 50 cents per foot for the first 200 feet and 75 cents per foot for all over that depth, appellant to feed appellees and their team while performing the work, and a breach of said contract was alleged, and it was further alleged that they had failed to procure other employment during the time when they could and would have drilled the well, and prayed for damages in the sum of $111.50. A trial in the justice court resulted in a judgment for the amount sued for, which was duly appealed to the county court, where judgment was rendered in favor of appellees and against appellant for the sum of $50, from which appellant has appealed to this court and submits the case on eight assignments of error, all of which become immaterial under the view we take of the record, except one, which presents the issue that the testimony is wholly insufficient to show that any contract of employment was ever agreed upon between the parties.

We have carefully read the entire statement of facts under this assignment, and have reached the conclusion that the assignment is well taken, as we find nothing in the statement of facts warranting the conclusion that the appellees agreed to drill the well at 50 cents per foot for the first 200 feet and 75 cents per foot for all over that, unless appellant fed them and their team during the time the work was being performed. Nor do we find anything in the record sufficient to support the conclusion that appellant ever agreed to feed appellees and their team during the time the work was to be performed, and as the feed of appellees and their teams was a material part of the contract, and the minds of the parties never met upon that issue, we think no contract was ever made, and therefore sustain the assignment raising this question. S. L. P. K. and Ladies of Honor v. M. A. Grace et al., 60 Tex. 569; Flomerfelt et al. v. Hume et al., 11 Tex. Civ. App. 30, 31 S. W. 679. As there was no contract agreed upon between the parties, and no service performed for which appellees would be entitled to recover on the theory of appellant having received the benefit of their services, and thereby becoming liable for the reasonable value thereof, and the case appears to have been fully developed on the trial, no good purpose could be served by the cause being remanded for another trial.

Because, in our judgment, under the entire record, no recovery could be sustained by appellees against appellant, the cause will be reversed, and here rendered for appellant; and it is so ordered.

## On Rehearing.

On April 6, 1912, this cause was by this court reversed, and judgment rendered for appellant, and the case is now before us on a motion by appellees for rehearing, wherein it is insisted, first, that the judgment of the trial court should be affirmed; and, second, if the judgment of the trial court is not affirmed, that the cause should be reversed and remanded because of the want of specific evidence in the statement of facts, showing just what took place between the parties and what was said by them respectively over the 'phone at the time it is claimed by appellees the contract sued on was made.

[4] In deference to the earnestness with which appellees' counsel has pressed the second ground in their motion for a rehearing, we have again carefully read and considered the entire statement of facts, and while we still adhere to our former conclusion that the statement of facts is wholly insufficient to sustain the judgment rendered below, we have reached the conclusion that, because of the uncertainty of what was actually said by the appellees and appellant during the 'phone conversation (said uncertainty arising from the apparent abbreviations in the statement of facts and not from any conflicts in the evidence), we have concluded that perhaps the ends of justice will be better served by granting the motion for rehearing, setting aside our former judgment, and reversing and remanding the cause.

If any contract was actually made by appellees with appellant, it resulted from the 'phone conversation, and the only evidence found in the statement of facts tending to show the terms of the contract agreed on, if any, is found in the evidence of W. C. Alexander, one of the appellees, where this language is used: "Yes, on about the night of the 15th or 16th of March, 1910, I called up Mr. Simpson from Brown's drug store at Stratford, by 'phone, and [reminded] him of the talks he had had with us about drilling his well, and I told him if he said so we would be out there and go to work on the following Friday, the 17th, or as soon thereafter as possible, and Mr. Simpson said, 'Come ahead.'" From this it will be seen that this court is not informed from the statement of facts as to what was actually said between the parties as to the terms on which the well was to be drilled, and as the rights of the parties to this suit depend absolutely on what was said in that 'phone conversation, we have concluded that justice demands a reversal of the cause, to the end that this issue may be more fully developed on another trial. Clark et al. v. Cummings, 84 Tex. 610, 19 S. W. 798; Gunter v. Armstrong, 2 Tex. Civ. App. 599, 21 S. W. 607.

For the reasons given, the motion for re-hearing is granted, our former judgment reversing and rendering the cause for appellant is set aside, and the judgment of the trial court will be reversed, and the cause remanded, and all costs of this appeal taxed against appellees; and it is so ordered.