## J. A. FLOMERFELT & CO. v. HUME BROS.

### No. 1281.

**1.  Acceptance of an Offer.**

An acceptance to bind the offerer, must be unconditional, and if it vary the terms offered, it is a rejection, and puts an end to the proposed agreement.  After such rejection, a subsequent acceptance of the terms so offered does not make a contract.

**2.    Same—Correspondence.**

See correspondence held not to constitute a contract; the minds of the parties not meeting upon terms of agreement.

APPEAL from County Court of Travis County.  Tried below before Hon. WILLIAM VON ROSENBERG, JR., County Judge.

The opinion contains a statement.

*Fiset & Miller,* for  appellants.—The plaintiffs' case being established by the correspondence between the parties, and not controverted by any additional testimony, nor overcome by any defense interposed by defendants which would tend to change these facts, or which would tend to establish other facts additional to those stated, or changing the effect of said facts, the court should have rendered, upon the pleadings and facts, judgment for plaintiffs.   Bason v. Hughart, 2 Texas, 476; James v. Fulcrod, 5 Texas, 519; Hendricks v. Snediker, 30 Texas, 306; Perry v. Booth, 7 Texas, 498;  Rose v. Railway, 31 Texas, 60;  Rood v. Jones, 1 Dougl. (Mich.), 188; King v. Upton, 4 Greenl., 387; Elting v. Vanderlyn, 4 Johns., 237; Muirhead v. Kirkpatrick, 21 Penn. St., 237; Jennison v. Stafford, 1 Cush., 168; Watson v. Randall, 20 Wend., 201; Lonsdale v. Brown, 4 Wash. C. C., 148; Lent v. Padleford, 10 Mass., 230;  1 Parsons on Contr. (6th ed.), 440, 443;  Lawson on Contr., sec. 99 and notes 4 and 5;  Chitty on Contr., 29, 30, 31, 35;  Summers v. Mills, 21 Texas, 87;  Lawson on Contr., sec. 17 and note.

*Hewlett & Von Rosenberg,* for  appellees.—To constitute a contract in fact, the two or more parties must concurrently assent to exactly the same thing at the same instant of time.   This assent was never reached.

COLLARD, ASSOCIATE JUSTICE.—We have carefully examined the testimony, and conclude that plaintiffs below (the appellants) failed to make proof of the alleged fact that Hume Bros. contracted to pay the claim of plaintiffs against Holley & Hume.   The following letter is the original proposition made by Hume Bros. to plaintiffs:

"Austin, Texas, 1-7-91.

"J. A. Flomerfelt & Co.,

"No. 177 Broadway, New York City.

"Gents:—We write you to state that we have purchased from Holley & Hume their entire stock of gents' furnishing goods and book accounts

due them; we were compelled to make this purchase on account of the condition we found their affairs in after examining into their business on the first of this year; as we had furnished to Holley & Hume during the year of 1890 over seven thousand five hundred dollars in cash to put into their business, and also endorsed and assumed to pay about five thousand dollars in carrying on their business, amounting in total to over twelve thousand five hundred dollars; and finding, after taking an inventory of their stock of goods on hand, the same amounted to a little over ten thousand dollars, and book accounts about three thousand dollars, not worth, in our opinion, over 50c on the dollar; and we also found from their books that they owed various parties for goods bought during the year of 1890 about sixty-five hundred dollars; we saw from the condition of their affairs and the manner of conducting their business that we were compelled to purchase their goods, so as to save ourselves as far as possible to do so, and as we do not wish or desire any one to lose anything by Holley & Hume, we will assume to pay all their bills for goods purchased, on the following conditions: that we be given three, six and nine months from date bills are due, without interest on same, or we will turn over any goods we have on hand at cost price to the amount of any bill for goods purchased by Holley & Hume; but we are satisfied by paying Holley & Hume's indebtedness we will lose from five to six thousand dollars, and owing to the tightness of money matters, we can not pay same at once, as we have all of our money invested in cattle and real estate, and we can not realize on our cattle before next summer and fall when fat for market. Our reason for assuming to pay Holley & Hume's indebtedness is that Geo. L. Hume, of the firm of Holley & Hume, is a son of J. L. Hume, one of the firm of Hume Bros. We would be pleased to hear from you by return mail, giving us a statement of Holley & Hume's indebtedness to you, that we may see if same corresponds with their books.     Very Resp.,     HUME BROS."

To the foregoing the plaintiffs made reply as follows:

"New York, February 14, 1891.
"Messrs. Hume Bros., Austin, Texas.

"Dear Sirs:—We have your letter of January 7th, and would have answered it before, only that we have been waiting for further advice regarding the embarrassment of Holley & Hume and the taking of their stock.

"We understood, at the time of receiving the order from Mr. Holley, that Mr. J. L. Hume was his partner, and upon that basis we extended credit. While we are willing to do the right thing under the circumstances, we do not care to extend this account or a portion of it twelve months hence and sacrifice the interest on same.

"As per enclosed statement, the amount due us is $289.45, and if you will please forward us check for one-third of the total amount, or $96.48, and the balance divided equally in a four and six months' note

each, at 6 per cent., it will be satisfactory to us.    Please let us hear from you at once on receipt of this, as this account is quite aged.

"Yours very truly,        J. A. FLOMERFELT & Co."

Clearly the reply of plaintiffs was not an acceptance of the proposition of Hume Bros.    An acceptance, to bind the offerer, must be unequivocal and unconditional, and if it vary the terms offered it is a rejection and puts an end to the proposed agreement.    After such rejection a subsequent acceptance upon the terms offered does not make a contract. Bank v. Hall, 101 U. S., 43;  Baker v. Johnson, 37 Iowa, 186;  Cartmell v. Newton, 79 Ind., 148;  Mfg. Co. v. Broderick, 12 Mo. App., 378;  Fox v. Turner, 1 Bradway (Ill.), 153;  Railway v. Rolling Mill Co., 119 U. S., 149.    In reply to the proposition of Hume Bros., the plaintiffs offered other terms.    This was equivalent to a rejection of the proposal, and the original offer lost its vitality.

The letter of plaintiffs to defendants after this—on the 14th day of April—could not have the effect of acceptance binding upon the defendants, if it was intended to do so.    It reminded Hume Bros. of their offer to pay the debts of Holley & Hume, and proceeds, "We took it for granted that you would make remittances as they fell due.    We sent you a statement the first inst., requesting the first payment of one-third the amount, $289.45.    As we have not heard from you or received the remittance, we have taken the liberty of drawing upon you this day for $96.48, at two days' sight—one-third of the enclosed statement—and trust you will protect the same.    The balance of the account you will kindly remit as per your proposition of January 7th, 1891.

"Yours truly,        J. A. FLOMERFELT & Co."

Appellants insist that the last above letter of plaintiffs constituted an independent offer by plaintiffs, and that it was accepted by Hume Bros. in the following:

"Austin, Texas, 4-19-91.

"Messrs. J. A. Flomerfelt & Co.,
        "No. 177 Broadway, N. Y. City, N. Y.

"Gents:—We to-day received your letter of April 14th, with enclosed statement of your account against Holley & Hume, and in your letter you say that you have drawn on us at two days' sight for what you claim to be one-third amount due by them.    Your account and their books do not correspond, and your agent called on us about a month since and we showed him Holley & Hume's books, and he said he would send you a statement as per their books.    Whether or not he did so, we can not say, but we will enclose to you a statement as their books show, and you can see where the difference is.    Yes, we wrote that we would settle Holley & Hume's accounts as per items stated in our letter of January 7th, yet we can not settle only from what their books show, unless it is fully shown to us that their books were wrong.    Your draft we shall have to refuse to pay until the matter of difference as shown

in this and your account is settled. Whenever that is done, we will settle as we agreed that we would, so you will please to examine the enclosed statements as their books show and let us know of any error you may find in same. The bill of December 2, as shown in your bill of $112.18, is still in package here as sent by you, was not in stock when we took goods from Holley & Hume, and we showed your agent the box of goods and requested him to take same and make some disposition of same. We did not take this bill of goods from Holley & Hume, and we have frequently offered the entire stock we got of Holley & Hume at 75c on the invoice cost of same, and should you prefer to have us take the last invoice at 75c on the dollar and count it in with the amount as shown due you, we will try and dispose of them. We'll await your answer.

"Very Resp.,   HUME BROS.

"P. S.—We are away from home a great deal of time during this time of year, and your answer will not probably be received by us for several days after written."

The last letter of defendants did not have the effect appellants give it. It objected to the account of plaintiffs, required it to be corrected, and declined to pay for the box of goods shipped to Holley & Hume —an unbroken package, billed at $112.18—and made some propositions relative thereto.

April 24, 1891, plaintiffs wrote to Hume Bros. explaining the statement of account previously rendered, and showing that the goods billed December 2 for $112.18 were ordered in a regular manner, and that they presumed Holley & Hume had received them, as they had never heard anything to the contrary. The letter concluded by demanding check for one-third of the amount due as shown by account rendered —$289.45. May 8, 1891, defendants replied, still insisting that there was a discrepancy as to the amount due and refusing to accept the goods billed at $112.18, and finally offering to pay in full settlement $157.97 on terms as first proposed, otherwise to consider the propositions as withdrawn altogether. Other correspondence followed which brought the parties no nearer to an agreement.

This suit was brought upon the supposed contract contained in the letters, to pay the entire debt of Holley & Hume.

The minds of the contracting parties did not meet; they did not reach a legal agreement. The proof failed to make the plaintiffs' case. There was no error in rendering judgment for defendants, and the judgment of the lower court is affirmed.

*Affirmed.*

Delivered June 12, 1895.