## POWERS v. ULLMANN, STERN & KRAUSSE, Inc.   (No. 8202.)

Court of Civil Appeals of Texas. San Antonio. April 17, 1929.

Rehearing Denied May 15, 1929.

Morriss & Morriss and W. S. Anthony, all of San Antonio, for appellant.

Hirshberg, Stone & Mueller, of San Antonio, for appellee.

COBBS, J.   Appellee filed this suit against appellant to recover on two promissory notes dated August 5, 1927, each for $1,750, and bearing interest from March 1, 1927, with 10 per cent. attorney's fees. They were executed in a series, containing the usual acceleration clause, payable to the order of appellee, and secured by a deed of trust of even date, executed by J. A. Powers to J. A. Brown, trustee, for the use and benefit of appellee, covering certain acreage in Edwards county, Tex. Appellant having defaulted in the payment of the first note, which became due November 1, 1927, appellee exercised its option and declared both notes due and payable.

Among others things, the deed of trust provided to secure also future sums.

Appellant filed appropriate pleadings. The case was tried with a jury upon special is-

sues, and upon the incoming of answers to same judgment was entered for appellee.

On January 11, 1927, Camp Wood Supply Company filed its voluntary petition in bankruptcy in the United States Dist. Court, Western District, at San Antonio, Tex. That corporation was indebted to appellee in the sum of $2,856 by unsecured account. The trustee in bankruptcy was offering for sale the stock of merchandise and the fixtures, together with notes and accounts receivable. Ross Powers, a son of appellant, intended to bid at the sale, but appellee proposed and agreed with him that if he would refrain from bidding and would not bid, but would permit appellee to do so, it would thereafter permit Ross Powers to purchase and take over and receive all such properties, etc., at cost to appellee; and with the additional understanding and consideration that Ross Powers should agree and obligate himself individually to pay to appellee the debt which was owing by the said bankrupt concern to appellee; and a further consideration that appellee should pay to the trustee in bankruptcy for said properties, stock, fixtures, notes, and accounts. The guaranty for $3,500 was to cover the pre-existing debt owing by the supply company. This sum Ross Powers was to pay to appellee.

On or about August 5, 1927, appellee proposed and agreed with Ross Powers and appellant, if appellant would pay the sum of $2,500 cash, it would surrender to appellant and to Ross Powers all and every obligation of said parties and each of them to appellee, including the guaranty agreement and all notes theretofore executed by Ross Powers to appellee. Ross Powers then understood and was informed that, having executed to appellee two promissory notes, three for $1,000 and $1,000 and $1,500, respectively, aggregating $3,500, to equal the guaranty and protect appellee in the purchase price of the properties, and one for $2,856, amount owing appellee by the concern, the notes were received in full settlement. Powers turned said notes over to Ross Powers to be delivered to appellee upon his surrender of all the documents and obligations he then held. When presented to appellee they were refused, and he refused to accept said note and deed of trust in full satisfaction, but proposed that Ross Powers and his father should execute two additional notes for $867.40, which appellant refused to do and demanded the return of the two $1,750 notes and his deed of trust, but they were retained by appellee and sued upon.

Appellant pleaded an accord and satisfaction by reason of the delivery to appellee and his acceptance of the said notes and deed of trust to appellee, by the said Ross Powers in full settlement of all controversies between plaintiff and defendant and the said Ross Powers.

While this case is elaborately briefed by both parties, with 82 assignments and propositions presented, yet it is lacking in a clear and concise statement of the case.

While we shall pass upon and consider each claim of error presented, we will not write on each, but only on the real material question, as we see it presented. The transcript contains 142 pages and the statement of facts 201 pages.

Appellant filed a brief containing 68 pages and a supplemental brief of 29 pages, while appellee's brief contains 50 pages.

The questions involved are simple after being threshed out—largely a fact case—and should be easily stated without prolixity.

■ Appellant presents 30 propositions. In answer to the first general proposition, a judgment unsupported by evidence will not stand, but inasmuch as the judgment in this case is not supported by evidence it will not stand as a sound proposition.

The evidence here shows that the two notes and deed of trust were delivered and kept by appellee even after appellant demanded their return. The evidence shows that the obligation of $1,734.91 came under appellant's guaranty as the purchase price of the goods. It is true that an unlawful agreement between parties to stifle competition or to secure an unfair advantage to a creditor at a judicial sale may or not be invalid. We see nothing in the facts here that made the agreement between the parties invalid. Appellant was a creditor who was endeavoring to secure his debt out of the proceeds and intended to bid on the goods, and appellant was likewise desirous of purchasing goods for the least possible amount, and had an agreement that if appellee would convey the goods to him after the purchase he would pay the purchase price and take the goods off his hands. It is true that appellee was a creditor and interested in making the goods bring enough to pay him his debt.

■ There was no fraud shown, nor was it shown that by such an outstanding agreement the goods did not bring a fair price, nor that any one was injured thereby. It is not perceived how it stifled competition at the sale or secured an unfair advantage.

The testimony is undisputed that the obligations were delivered to appellant and kept by him. That was the intention of the parties, and by reason thereof any further obligation on his part was waived.

■ The jury having answered that appellants were indebted to appellee $2,375 and interest, but not stating the interest, was not material error. The court was authorized to render the judgment for $2,960 which included interest in the contract mentioned, together with attorney's fees. Interest was a part of the debt which always follows, and only involved such a calculation that the court was expected to make.

We think the petition was sufficient and more than sufficient. Especially so was it relating to the consideration relative to sale

of the goods, as well as to the acts and alleged agency of Ross Powers. Besides other proof, it was shown by his father that he was authorized to do the things set forth.

We likewise overrule propositions 11, 12, 13, and 14, questioning the pleading that the allegations in regard to the trust deed are a mere conclusion of the pleader, as well as in regard to the agency of Ross Powers. Also the allegation that Ross Powers had given a dishonored check is immaterial. It was not error to admit proof of the bill of sale; it was mentioned as a connecting link in the transaction. It was not error to permit cross-examination on collateral issues when it tended to amplify the situation.

We can see no error in permitting proof of debt by appellant in the bankrupt proceedings and application of orders thereon. There was no error in not giving special instruction to the jury to return a verdict for appellant; it would have been manifest error to have done so.

The judgment was not non obstante, but entirely based upon the findings of facts of a competent jury.

Of course, an agreement to bid in property for another at a sale is not invalid because it lessens competition. It must go further and possess other conditions that render it bad. It must possess other facts of its mala fide not shown here.

There is no impropriety in the court's recalling a jury and instructing them further during their deliberation as to the burden of proof, though so instructed in the main charge.

Stripped of all technicalities, the real question in the case grows out of the alleged accord and satisfaction. It is the contention of appellant that he left with appellee, through Ross Powers, two notes of defendant for $1,750 each, and the deed of trust securing same, payable to Ullmann, Stern & Krausse, in full settlement of all claims asserted by Ullmann, Stern and Krausse against A. J. Powers, and Ross Powers. This, so far, is an undisputed and uncontradicted fact. But the elder Powers stated that it was expected that he was to get back the guaranty and all papers. The written instruction which accompanied the delivery were "to be delivered to J. A. Brown of Ullmann, Stern & Krausse, when Brown delivers you guarantee agreement executed by J. A. Powers for $3,500.00 and note and release of C/M for $2,850.00, and note (a) for $3,500, executed by Ross Powers and bill of sale to the stock of goods, fixtures, notes and accounts of the Camp Wood Supply Company."

Appellee refused to accept them upon the terms proposed, yet kept them and refused to deliver them upon demand. Appellee refused to accept them as in full settlement as tendered, but kept them and sued upon them. Appellant refused to get the additional notes demanded, for $867 and $1,734.90.

It is contended no accord and satisfaction were completed. Ross took the notes back to his father, who refused to execute them, and the matter stood in statu quo until culminated in this suit.

While this involved an issue of undisputed fact, it was submitted to the jury and they answered that the notes for $1,750 and the deed of trust on 900 acres of land were delivered in full settlement of all claims. The evidence does not support this issue, for it is undisputed that the notes were delivered upon the further condition that "when Brown delivers you guarantee agreement executed by J. A. Powers for $3,500.00 and note and release of C/M for $2,850.00, and note (a) for $3,500, executed by Ross Powers and bill of sale of goods, fixtures, notes and accounts of the Camp Wood Supply Company." In other words, the delivery of the notes to appellee was not to take place until appellee surrendered to appellant certain papers.

If it should be found that appellant kept the notes and appropriated them upon their partial or incomplete delivery and surrendered nothing for them, he cannot be heard to urge his right and title thereto, unless he be required to surrender the papers he held. If so he will be charged with a ratification thereof, and surrender the papers in his possession.

As the issues do not seem to have been covered by the findings of the court, or passed upon by the jury, we do not believe the case has been fully developed or passed upon.

It has not been shown what became of the papers that should have been delivered by appellee.

It is the opinion of the court that this case has not been fully developed, and it is reversed and remanded for another trial.

Reversed and remanded.

### On Motion for Rehearing.

SMITH, J. This suit was finally resolved in the trial court into an action by appellee to enforce an accord and satisfaction alleged to have been agreed upon by the parties. The cause was submitted to the jury, and judgment was rendered, upon the theory of accord and satisfaction. As a matter of law and fact, however, accord and satisfaction was conclusively disproven upon the trial, and the judgment is without any support.

Ross Powers, son of appellant, J. A. Powers, was in debt to appellee, who held his notes therefor; and appellant had executed and delivered to appellee his written guaranty of those debts to the extent of $3,500. In apparent doubt of the security of these obligations, appellee proposed to release and surrender to the Powers all of said obligations and appellant's guaranty thereof, upon condition that appellant execute and deliver to appellee his two notes for $1,750 each, together with a deed of trust upon a certain

900-acre tract of land in Edwards county, to secure the payment of those notes. In pursuance of this proposition, apparently tentatively agreed to by appellant, appellee prepared the new notes and deed of trust and forwarded them to appellant, who executed them and intrusted them to Ross Powers, with instructions to deliver them to appellee upon this condition: "To be delivered to J. A. Brown of Ullmann, Stern & Krausse when Brown delivers you guarantee agreement executed by J. A. Powers for $3,500.00 and note and release of C/M for $2,856.00, and note (s) for $3,500.00 executed by Ross Powers and Bill of Sale to the stock of goods, fixtures, notes and accounts of the Camp Wood Supply Company." Pursuing these instructions, Ross Powers tendered the new notes and deed of trust to appellee, upon the conditions stated, but appellee rejected the tender, and demanded as a further condition to surrender of the prior obligations that J. A. Powers execute and deliver to appellee his additional notes aggregating $1,734.90, and imposed other conditions not necessary to mention here. Pending negotiations rendered necessary by these additional demands from appellee, Ross Powers left the new notes and deed of trust in appellee's office and returned to Edwards county to submit to appellant the additional demands made upon him by appellee. Appellant refused to meet these demands, and no further effort was made by the parties to adjust their differences, although Ross Powers testified, in effect, that he afterwards called upon appellee to return to him the new notes and deed of trust, but that appellee not only refused to surrender them, but retained them and had the deed of trust recorded. It is undisputed that appellee retained possession of all the old as well as the new obligations, and had the deed of trust duly recorded, and subsequently brought this suit to recover upon all of them, and to foreclose the deed of trust lien upon Powers' land. After much pleading back and forth between the parties, appellee, at the close of the trial, filed a trial amendment, including alternative allegations setting up accord and satisfaction based upon appellant's tender of the two $1,750 notes and deed of trust conditioned upon appellee's surrender and release of all of the Powers' prior obligations, which appellee tendered to appellant upon the trial and placed in the registry of the trial court to abide the result of the trial.

The cause was submitted to the jury solely upon the theory of accord and satisfaction, and upon the jury's findings the trial judge, after an adjustment of equities under those findings, rendered judgment enforcing accord and satisfaction as finally prayed for in the alternative by appellee.

We are of the opinion that accord and satisfaction were not in the case made. The only proposal of accord and satisfaction was that appellant execute and deliver his two

notes for $1,750 each, and deed of trust to secure them, in consideration of appellee's release and surrender of all existing obligations held by it against the Powers. If appellee had unconditionally accepted the new obligations and security, and in further pursuance of the proposed agreement surrendered to appellant the prior obligations, accord and satisfaction would have been complete and enforceable by either party thereto. But appellee did neither. On the contrary, it flatly rejected appellant's tender and submitted a counter proposition calling for heavy additional performance from appellant, and without awaiting appellant's action thereon prematurely took possession of the obligations conditionally tendered by appellant, and retaining them as well as the original obligations, brought suit upon all of them. Obviously, there was no completed agreement of accord and satisfaction, which must be evidenced by a definite offer and an unconditional acceptance of such offer, and performance thereunder.

The jury found, upon sufficient evidence, that there was a definite offer, but was silent, in the absence of any issue submitted thereon, upon the question of acceptance. Appellee's own pleadings, and all the evidence, however, show that this offer was rejected by appellee, whose counter proposition thereto was in turn rejected by appellant, and the parties were thus relegated to the position they occupied before the inception of the negotiations for accord and satisfaction. No further negotiations were had, and the parties were in this position when this suit was commenced by appellee to recover of appellant upon all his obligations, including those executed by him in pursuance of and as consideration for the proposed agreement of accord and satisfaction. The result was that the proposed agreement was never consummated, and therefore was not enforceable at the suit of appellee. 1 C. J. pp. 527, 529, §§ 13, 16; 13 C. J. pp. 281, 296, §§ 86, 110; McGehee v. Shafer, 15 Tex. 198; Johnson v. Portwood, 89 Tex. 239, 34 S. W. 596, 787; Overton v. Conner, 50 Tex. 113; Gulf, C. & S. F. Ry. Co. v. Gordon, 70 Tex. 80, 7 S. W. 695; Flomerfelt v. Hume (Tex. Civ. App.) 31 S. W. 679.

Appellee having rejected the proposed accord, and appellant having rejected appellee's counter proposal, whereat all negotiations were terminated, the essential elements of agreement were lacking, and appellee could not convert the original proposal into an accord, and bind appellant thereto, simply by taking and retaining wrongful possession of appellant's notes and deed of trust, without appellant's consent, and in disregard of the conditions upon which those instruments were tendered. Nor could appellee thereafter revive the negotiations and resolve the long-abandoned transaction into an accord and satisfaction, by first bringing suit repudiating such agreement, and afterwards, at the close

of the trial, asserting the existence and enforcing the terms of such agreement by tendering performance under its provisions. 13 Cyc. 296: Flomerfelt v. Hume, supra. As was said by Judge Collard in the case cited: "An acceptance, to bind the offerer, must be unequivocal and unconditional; and, if it vary the terms offered, it is a rejection, and puts an end to the proposed agreement. After such rejection, a subsequent acceptance upon the terms offered does not make a contract."

In its motion for rehearing appellee complains of certain inaccuracies of statement in the original opinion, which have been corrected in this opinion. Those inaccuracies are not material to the decision of reversal, which we adhere to for the reasons here stated.

Appellant insists that judgment should be here rendered for him. We do not think so. For, while under the facts stated appellee could not recover upon the theory of accord and satisfaction, it still has its remedy upon the original obligations, and is entitled to a trial upon that theory. Nor is it intended by this decision to foreclose the theory of accord and satisfaction, for upon another trial other or additional evidence may disclose a different case upon that theory. And in any event the whole case should be repleaded for the sake of brevity and clarity.

Appellee's motion for rehearing is overruled.