James Heiser WILD et ux., Appellants,

v.

George E. HARGRAVE et ux., Appellees.

No. 15927.

Court of Civil Appeals of Texas,
San Antonio.

April 12, 1978.

Rehearing Denied May 10, 1978.

Pat Maloney, Jack Pasqual, Samuel C. Fried, San Antonio, for appellants.

Richard J. Karam, San Antonio, for appellees.

Stayton, Maloney, Hearne & Babb, Austin, Foster, Lewis, Langley, Gardner & Banack, San Antonio, amicus curiae.

KLINGEMAN, Justice.

This is a summary judgment proceeding. Suit was filed by George E. Hargrave and wife, Mary C. Hargrave, plaintiffs below and appellees here, against James Heiser Wild and wife, Sydney D. Wild, defendants below and appellants here, for damages in the amount of $5,000 alleged to be liquidated damages under an undated and unsigned Earnest Money Contract for the purchase and sale of real estate, which sale was never consummated. Both plaintiffs and defendants filed motions for summary judgment. The court denied defendants' motion for summary judgment and granted plaintiffs' motion for summary judgment against defendants in the amount of $5,000.

Defendants' defenses are predicated on the following grounds: (1) the writings relied upon do not satisfy the requirements of the Statute of Frauds, Tex.Bus. & Comm. Code § 26.01, in several respects; (2) no contractual agreement was ever entered into between plaintiffs and defendants; (3) all negotiations between plaintiffs and defendants were subject to a condition precedent which was never fulfilled and any contractual relationships between plaintiffs and defendants were null and void; (3) there never was a valid acceptance by plaintiffs of any offer of defendants and any attempted acceptance varied and qualified the terms of the offer and as such amounted to a counteroffer and a rejection of the original offer; (4) the writings were never signed by the parties; (5) the contract is not enforceable because the property description is insufficient as a matter of law.

The writings relied upon by plaintiffs may be summarized as follows:

(a) A telegram sent by appellants to their real estate agent dated October 20, 1976, as follows:

Accept contract on 2703 Oak Bluff as $68,500.00 by Brakey. Offer $100,000.00 for 101 Windmill as per contract.

(b) A telegram dated October 21, 1976, sent by appellants to the realtor promising to pay $5,000 earnest money on 101 Windmill to US Life Title Company;

(c) An earnest money contract, undated and unsigned, for 101 Windmill.

(d) A telegram dated October 22, 1976, by appellees to a realtor stating:

We . . . accept earnest money contract dated 20 October whereby purchaser James H Wild and wife Sidney D Wild agree to purchase our home at 101 Windmill for the sale price of $100,000 with $5,000 earnest money. Bedroom built in wall units and bedspread do not remain.

We have concluded that this case must be reversed for three principal reasons: (1) the property description is insufficient as a matter of law; (2) if there was a valid offer, appellees' acceptance varied and qualified the offer and was not a valid acceptance and constituted a rejection of the offer; (3) the written documents here involved do not comply with the requirements of the Statute of Frauds and are in violation thereof.

■ The property referred to in the telegrams is "101 Windmill." No city, county or state is mentioned in connection with the location of the property. No lot or block number is given nor is there any indication

as to the amount of land. There is no evidence that the contract referred to in the telegrams was ever signed or was in existence at the time the various telegrams were exchanged.

■ In the absence of equities removing the case from the operation of the Statute of Frauds, which do not here exist, it is settled that before a court will decree the specific performance of a contract for the sale of land, or entertain a suit for damages for the breach thereof, the written agreement or memorandum required by the Statute must contain the essential terms of a contract, expressed with such certainty and clarity that it may be understood without recourse to parol evidence to show the intention of the parties; and no part of the instrument is more essential than that which identifies the subject matter of the agreement. *Jones v. Carver*, 59 Tex. 293, 295 (1883).

■ Insofar as a description of the property is concerned, the writing must contain within itself or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty. *Wilson v. Fisher*, 144 Tex. 53, 188 S.W.2d 150, 152 (1945). See also *U. S. Enterprises, Inc. v. Dauley*, 535 S.W.2d 623, 627 (Tex.1976); *Morrow v. Shotwell*, 477 S.W.2d 538 (Tex.1972); *Owen v. Hendricks*, 433 S.W.2d 164, 166 (Tex.1968); *Walzem Development Company v. Gerfers*, 487 S.W.2d 219, 222 (Tex.Civ.App.—San Antonio 1972, writ ref'd n. r. e.); *O'Herin v. Neal*, 56 S.W.2d 1105 (Tex.Civ.App.—Texarkana 1932, writ ref'd).[1]

■ It is obvious that the telegrams here involved do not contain sufficient data to satisfy the requirements of the Statue of Frauds either as to property description or otherwise. Appellees apparently rely on an earnest money contract to supply the information (Ex. "A"). Such purported contract is not dated and is not signed by anyone and there is nothing in the record whatsoever to show when it was prepared or that it was in existence at the time of the exchange of the telegrams here involved. To be sufficient, the writing must furnish within itself or by reference to some other *existing* writing the means or data by which the land to be conveyed may be identified with reasonable certainty.' *Morrow v. Shotwell, supra.* Subsequent documents cannot be used to aid in supplying a sufficient description. *Wright v. Povlish*, 498 S.W.2d 686 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n. r. e.); *Boddy v. Gray*, 497 S.W.2d 600 (Tex.Civ.App.—Amarillo 1973, writ ref'd); *Gohlke v. Davis*, 279 S.W.2d 369 (Tex.Civ.App.—San Antonio 1955, writ ref'd n. r. e.). The writings here involved do not meet the requirements of the Statute of Frauds.

The telegram of October 22 sent by appellees, one of the writings relied upon by them, contains a counteroffer of a material nature varying and creating different terms than the offer contained in appellants' telegram.

■ It is well settled that an acceptance must not change or qualify the terms of the offer. If it does, the offer is rejected. *United Concrete Pipe Corporation v. Spin-Line Company*, 430 S.W.2d 360, 364 (Tex. 1968); *Humble Oil & Refining Company v. Westside Investment Corp.*, 428 S.W.2d 92 (Tex.1968); *National Furniture Manufacturing Co. v. Center Plywood Co.*, 405 S.W.2d 115, 118 (Tex.Civ.App.—Tyler 1966, writ dism'd); *Garrett v. International Milling Co.*, 223 S.W.2d 67 (Tex.Civ.App.—Texarkana 1949, no writ); *Morrow v. De Vitt*, 160 S.W.2d 977 (Tex.Civ.App.—Amarillo 1942, writ ref'd w. o. m.).

1. The certainty of a contract may be aided by parol only with certain limitations. The essential elements may never be supplied by parol. The details which merely explain or clarify the essential terms appearing in the writing may ordinarily be shown by parol. But the parol must not constitute the framework or skeleton of the agreement. That must be contained in the writing. Thus resort to extrinsic evidence where proper at all, is not for the purpose of supplying the location or description of the land but only for the purpose of identifying it with reasonable certainty from the data in the memorandum. *Wilson v. Fisher, supra; U. S. Enterprises, Inc. v. Dauley, supra; O'Herin v. Neal, supra.*

In 13 Tex.Jur.2d, *Contracts* § 27 at 144–46 (1960), it is stated:

> No contract may be deemed to be formed until each party has accepted every proposition of the other without modification or the addition of new matter. In other words, to bind the offeror, the acceptance of the offer must be unconditional and unequivocal, so that, without any addition or variation, it is identical to the terms of the offer . . .. Consequently, where the acceptance varies the terms of the offer, it constitutes a rejection of the offer and becomes instead a new offer or proposal. And if such new offer is not accepted in accordance with its own terms and conditions, the proposed agreement is then at an end.

See also *Great West Grain & Seed Co. v. Ray,* 204 S.W.2d 26, 28 (Tex.Civ.App.—El Paso 1947, writ ref'd n. r. e.); *Liquids Dispatch Line v. Texas Power & Light Co.,* 6 S.W.2d 169 (Tex.Civ.App.—Dallas 1928, writ ref'd); 1 Williston on Contracts, §§ 72, 73 (3rd ed. 1957).

The telegrams and documents here presented fail to satisfy the requirements of the Statute of Frauds because (1) it remains uncertain what contract, if any, the telegrams refer to, and (2) there is no proof that a written contract was in existence at the time the reference was made.

In any event, there was no unqualified acceptance of any offer of sale and the purported acceptance varied and qualified the terms of the offer and as such was a rejection of the offer.

The judgment of the trial court is reversed and judgment here rendered that appellees, George E. Hargrave, et ux., take nothing.

MURRAY, J., did not participate in the disposition of this appeal.